### Ellen D. Jones *vs.* Elijah Smith.

### Penobscot.    Opinion June 10, 1887.

*Mortgages.    Mortgagor and mortgagee.    Trespass.*

The plaintiff, as mortgagor, had yielded possession to the mortgagee, and afterwards brought a bill in equity and obtained a decree authorizing her to redeem upon the payment of the amount found to be due within three months from the date of the decree.  Thereupon, as by the decree, the premises were to be surrendered, and a deed was to be executed and delivered to the plaintiff within five days from the time of such payment " conforming to this decree, and therein reciting the decree, and in proper terms discharging said mortgages, and releasing and freeing said mortgaged premises from any and all incumbrances created or made by said mortgages," etc.  The money was paid within the three months named in the decree.  *Held*, That defendant is not liable in trespass for acts done upon the premises, while in possession thereof, between the time of the payment of the money and the time when the deed was delivered to the plaintiff, and within the five days named in the decree in which the deed was to be executed and delivered.

Until the execution and delivery of the deed, during such time, the defendant was in the lawful possession of the premises, and trespass would not lie against him by the mortgagor.

As between mortgagor and mortgagee, the mortgage vests the legal title and seizin of the estate in the mortgagee immediately upon delivery of the mortgage.    •

The gist of trespass to personal property is the injury to the plaintiff's possession.

There must be either title, or possession, or the right to immediate possession, in order to entitle a plaintiff to recover in an action of trespass to persona property.

On report of an action of trespass.    The opinion states the material facts.

*Jasper Hutchings*, for plaintiff.

Upon the payment into court of the amount decreed to be due upon the Bowler mortgages the legal title revested at once in plaintiff.    R. S., c. 90, § 31.

The statute, enacted in 1870, was intended to do away wholly with the distinction that had existed before that time, according to *Stewart* v. *Crosby*, 50 Maine, 130, decided by a divided court, between payment of a mortgage debt before and payment

after a breach of the condition of the mortgage, in its effect upon the legal title.

Says Jones on Mortgages, § 690, " the mortgagee has no right of action after payment. If the mortgagee purchase the mortgaged premises at the foreclosure sale for the full amount then due on the mortgage, he has no claim to logs previously cut upon the premises. When he has been paid his debt, his right of action is gone, although the trespass upon the property was committed before the payment."

The cases of *Davis* v. *Nash*, 32 Maine, 411, and *Seavey* v. *Preble*, 64 Maine, 121, are authorities in support of trespass *quare clausum* without actual possession by plaintiffs. Furthermore, so soon as the vegetables, apples, etc., were severed from the soil and buildings, they at once became personal property — the personal property of the plaintiff — and upon familiar principles of law she is entitled to recover for them under her counts of trespass *de bonis* without having had possession. *Freeman* v. *Rankins*, 21 Maine, 446 ; *Staples* v. *Smith*, 48 Maine, 470.

Between mortgagor and mortgagee and their tenants, there is no right to emblements. Wash. on Real Prop. Title Emblements. Jones on Mortgages, § § 697, 780.

*Davis and Bailey*, for the defendant, cited : *Chase* v. *Wingate*, 68 Maine, 204 ; *Stewart* v. *Crosby*, 50 Maine, 133 ; Jones, Mortgages, § § 697, 780 ; *Gilman* v. *Wills*, 66 Maine, 273 ; *Farrar* v. *Smith*, 64 Maine, 74 ; *Burges* v. *Souther*, 5 East Rep. 168.

FOSTER, J. The plaintiff was the owner of the premises in question, and mortgaged the same to Lorenzo A. Bowler. The interest of the mortgagee passed by sundry conveyances to Sandford C. Smith, son of this defendant, and under whose authority the defendant claims to have been acting.

The plaintiff had yielded possession to the mortgagee in 1881, and afterwards brought a bill in equity, (*Jones* v. *Bowler*, 74 Maine, 310) and obtained a decree authorizing her to redeem upon payment of the amount found to be due within three

months from the sixteenth day of June, 1884. Thereupon, the premises were to be surrendered, and a deed was to be executed and delivered to the plaintiff within five days from the time of such payment, "conforming to this decree, and therein reciting the decree, and in proper terms discharging said mortgages, and releasing and freeing said mortgaged premises from any and all incumbrances created or made by said mortgages," etc.

Within the three months named in the decree, viz., September 6th, the money was paid in accordance therewith; and whatever acts were done by this defendant of which the plaintiff complains, were done between that date and September 10th, the time when the plaintiff received the deed of release, mentioned in the decree, and possession of the premises.

During that time the premises remained in the possession of the assignee, or those acting under his authority.

The defendant, therefore, can be holden for no acts which, if done by the mortgagee in possession or his assignee, they would not have been legally answerable for in an action like the one before us.

There is no evidence connecting the defendant with several of the acts alleged to have been committed by him, and no further mention need be made of them. The remaining acts are such as indicate that the plaintiff is looking more to the gratification of her will than for any pecuniary gain in the prosecution of this suit, and relate to the gathering of a few beets, cabbages, tomatoes and cucumbers planted by the assignee that season — to the gathering of about a dozen bushels of apples from the orchard— and to hauling a small load of manure from the premises.

The plaintiff, by her learned counsel, admits the settled doctrine of the common law, that payment of the mortgage debt after condition broken would not divest the mortgagee of his legal title, and that the legal estate would remain in the mortgagee until it was released. (*Stewart* v. *Crosby,* 50 Maine, 130.) But she claims that since the provisions of R. S., c. 90, § 31, such payment operates as an extinguishment of the mortgage, and at once revests the legal title in the mortgagor, who may forthwith treat the mortgagee in possession, or any one

claiming under him, as wrongfully in possession and liable not only in an action of ejectment, but also in trespass.

However this may be in a case where the principle can be properly applied, it must certainly be received with some modification in the case now before us. In this case, there was a decree from a court of equity, to which the plaintiff had seen fit to resort by bill, praying for an account of the rents and profits and for redemption. By that decree, introduced in evidence, the rights of both parties in this action are, to a certain extent, to be determined. It affects parties and privies. True, by that decree, the plaintiff, upon payment of the amount due upon the mortgage debt, was to have possession of the premises. But that decree also provided that the mortgagee in possession, or the party claiming under him, was to have five days from the time of such payment, in which to execute and deliver a suitable deed conforming to that decree, therein reciting the same, and in proper terms discharging said mortgages, and releasing and freeing the mortgaged premises from any and all incumbrances created or made by them. Within the time named, the deed was executed and delivered. We cannot say that the party who was lawfully in possession of the premises had no rights there during the time specified in which a deed was to be executed. We think his possession was such as it was contemplated might lawfully continue until the delivery of the deed within the time named, otherwise we should be doing violence to the language of the decree upon which the plaintiff's rights in this action to a great extent are based. By that, the plaintiff was authorized, within such time as the court in its discretion saw fit to grant, to make tender or payment of the mortgage debt. The court, as it undoubtedly had the right to do, gave the other party a reasonable time in which to execute a release of such incumbrances as may have existed upon the property and been discharged by such payment. It would not be reasonable to suppose that one should be entitled to the whole time thus allowed by the court for the performance of that which it was

optional with her whether she would perform or not, and that the other party should have none.

When the acts complained of were done, the mortgagee had not executed the release. Possession had not been surrendered to or taken by the plaintiff. That possession, to the time the deed was executed and delivered in accordance with the decree, must be held to be a legal possession. *Taylor* v. *Townsend*, 8 Mass. 415.

The case to which we have referred was where an action of trespass was brought by the mortgagor against the assignee of the mortgagee, in possession, and the trespass complained of was the taking down and removal of a barn and shed erected by him. The plaintiff there had by a bill in equity previously obtained a decree for possession, the mortgage having been redeemed, and for a deed of release of the mortgaged premises. (*Taylor* v. *Weld*, 5 Mass. 124.) "Now in the case at bar," says PARKER, J., "Townsend was not only in possession, but was *lawfully* so, and that under the plaintiff himself until the judgment of the court against him. And when the act complained of was done, he had not been amoved, nor had he released, or otherwise surrendered his possession. It is impossible, therefore, to consider him a trespasser; and if the act done by him was wrongful, the proper remedy is by action in the nature of waste, considering him a tenant at will after the rendition of the judgment, for an injury done to the reversion."

While thus in the lawful possession, the mortgagee, or his assignee, is not liable in trespass for the occupancy of the premises. He is entitled by his possession to the rents and profits, and is accountable for them to the mortgagor if the premises are redeemed.

As between mortgagor and mortgagee, the mortgage vests the legal title and seizin of the estate in the mortgagee immediately upon the delivery of the mortgage; and the mortgagee is regarded as having all the rights of a grantee in fee, subject to defeasance. *Gilman* v. *Wills*, 66 Maine, 275.

Consequently, it has been held that an action of trespass *quare clausum* will not lie in favor of the mortgagor against the

mortgagee, or his assignee, for entering peaceably upon the mortgaged premises and digging up and carrying away and converting to his own use portions of the soil. *Furbush* v. *Goodwin*, 29 N. H. 321. Nor for removing fixtures belonging to the real estate. *Chellis* v. *Stearns*, 22 N. H. 312.

The defendant's acts upon the premises, as the evidence shows, were by authority of the son, who was the assignee of the mortgages, and who carried on the place that season. With the exception of the removal of the manure which belonged to the farm, (*Chase* v. *Wingate*, 68 Maine, 204; *Vehue* v. *Mosher*, 76 Maine, 470) the evidence is not sufficient to warrant the court in saying that anything was done by him which could be considered as an injury to the freehold.

It is plain that this action cannot be maintained upon the count in the plaintiff's writ for breaking and entering. The right of entry and possession at the time was in the son, and in law the defendant stands in his place in reference to any acts done by him.

Nor can the plaintiff prevail upon the other counts of *de bonis asportatis*. At the time of the alleged taking, the title and possession were rightfully in the defendant or those under whom he claims. There was neither title nor possession, nor the right to immediate possession, in the plaintiff. *Carlisle* v. *Weston*, 1 Met. 26; *Codman* v. *Freeman*, 3 Cush. 310; *Staples* v. *Smith*, 48 Maine, 470; *Butman* v. *Wright*, 16 N. H. 220; *Lunt* v. *Brown*, 13 Maine, 236.

"The *gist* of trespass to personal property is the injury done to the plaintiff's possession. The substance of the declaration is, that the defendant has forcibly and wrongfully injured property in the possession of the plaintiff. To maintain the action, it is absolutely essential that the plaintiff should have had, at the time of the alleged injury, either actual or constructive possession of the property injured." *Wilson* v. *Martin*, 40 N. H. 91; *Lunt* v. *Brown*, *supra*; *Muggridge* v. *Eveleth*, 9 Met. 235; *Wade* v. *Mason*, 12 Gray, 335.

And an action of trespass cannot be supported against one coming to the possession of goods lawfully, for a subsequent

unlawful conversion of them.   *Bradley* v. *Davis*, 14 Maine, 44;
*Butman* v. *Wright*, *supra*.

*Judgment for defendant.*

PETERS, C. J., VIRGIN, DANFORTH, EMERY and HASKELL,
JJ., concurred.