GEORGE HAZEN *vs.* SARAH P. WRIGHT.

Cumberland. Opinion. February 22, 1893.

*Pleading. Real Action. Non tenure. Nul disseizin. R. S., c. 104, § 10.*

Pleas of *non tenure* and disclaimer not pleaded within the two first days of the return term are null, and operate as no defense.

Since an undivided part of land may be recovered by writ of entry, a plea of *nul disseizin* as to an undivided part is a good plea.

ON EXCEPTIONS.

This was a writ of entry to which the defendant filed at the January term, 1892, in the court below and after one continuance, without enlargement of time therefor, a plea of *non tenure* to one undivided half part and of *nul disseizin* to the remainder of the demanded premises. Thereupon the plaintiff moved to dismiss that part of the plea purporting to be a plea of *non tenure* or disclaimer; and the motion being overruled, a demurrer to the plea was filed and joined, which demurrer was overruled and the plea adjudged good.

The pleadings are as follows :

"And the said Sarah P. Wright comes, and defends her right when, etc., and as to one undivided moiety of the said piece or parcel of land with the buildings thereon declared on in plaintiff's writ, says, she cannot render the same to the said plaintiff because she says, that she is not nor was at the time of the suing forth the writ aforesaid of the said plaintiff or at any time since tenant thereof as of freehold; and is not and has not been in possession thereof, and wholly disclaims the same, and this she is ready to verify. Wherefore, as to that moiety of the said

piece or parcel of land with the buildings thereon, she prays judgment of said writ and that the same may be quashed, etc.

"And as to all the residue of the said piece or parcel of land with the buildings thereon, the said defendant says, that she did not disseize the said plaintiff of the same residue of the said piece or parcel of land with the buildings thereon, in manner and form as the said plaintiff hath thereof in his writ and count aforesaid above supposed, and of this she puts herself upon the country," etc.

(Motion.) "And now comes the plaintiff, George Hazen, and moves this honorable court that so much of said defendant's plea as purports to be a disclaimer, or plea in abatement, be disallowed and stricken out, the same not being legally in the case, or properly before this court, not having been seasonably or properly filed in accordance with the laws of this State and the rules of this honorable court."

The motion having been overruled by the presiding justice, the plaintiff reserving exceptions to the overruling the motion, demurred to defendant's plea and the defendant filed a joinder. The demurrer was overruled and the plea adjudged good. Plaintiff excepted to both rulings.

*Symonds, Snow and Cook*, for plaintiff.

The plaintiff claims that his motion was improperly disallowed because the plea, so far as it purported to be in abatement, was not properly filed; that the overruling of the motion in general terms by the court was an allowance of the plea as and for the purposes pleaded, and that, being so allowed, the plaintiff was bound, unless he demurred to reply thereto and to tender and abide an issue which was not legally in the case. If the motion was wrongfully disallowed, it follows that the demurrer to the plea should be sustained.

It became material for the plaintiff to demur, for the refusal of the defendant to alter his pleadings imposed upon the plaintiff the necessity of tendering an issue, to sustain which he was required to adduce more evidence than he would have been required to adduce in support of his case, had the pleadings been properly framed. 1 Chit. Pl. 694.

The plea was also bad as above stated for lack of proper verification and for non-conformity to the statute.

Counsel cited: R. S., c. 104, § 6, Rule VI; *Ayer* v. *Phillips*, 69 Maine, 50; *Cunningham* v. *Webb*, *Ib*. 92; *Chaplin* v. *Barker*, 53 Maine, 275; *Fogg* v. *Fogg*, 31 Maine, 302; *Bellamy* v. *Oliver*, 65 Maine, 108; *Morse* v. *Sleeper*, 58 Maine, 335; *Putnam*, &c., *School* v. *Fisher*, 38 Maine, 327.

*J. C. and F. H. Cobb*, for defendant.

HASKELL, J.    Writ of entry to recover land.    At the second term the defendant pleaded *non tenure* with disclaimer as to one undivided half thereof and *nul disseizin* as to the other half.

Before the statute prohibiting the plea of general *non tenure* and disclaimer in bar, and requiring that defense to be made in abatement, which must be interposed within the two first days of the return term, such pleas presented traversable facts, that, if proved, might defeat the action.    But, since that statute, such defense cannot be interposed at all after the lapse of the time for pleas in abatement.    So that any plea of that character, not seasonably filed, sets up no legal defense whatever, and may be held bad on demurrer, *Hathorn* v. *Corson*, 77 Maine, 582, disregarded, *Ayer* v. *Phillips*, 69 Maine, 50, *Hatch* v. *Brier*, 71 Maine, 542, treated as null, *Putnam Free School* v. *Fisher*, 38 Maine, 324, or stricken out, and judgment entered for want of plea.

In this case, that result follows as to the undivided half disclaimed.    For that half, the plaintiff may have judgment with costs, as an undivided part of the premises demanded may now be recovered.    R. S., c. 104, § 10.    But, as to the other half, the defendant pleads *nul disseizin*.    Upon proof of title, the plaintiff might recover that half also.    The plaintiff's title to one half only is denied.    The defendant's plea is a limited general issue, neatly pleaded, to put in issue only the facts in controversy.    It is simple, plain, truthful, and convenient.    It does not attempt to answer the whole declaration, as in *Augusta* v. *Moulton*, 75 Maine, 556.    The plaintiff might have joined the issue tendered, and tried his right to the undivided half of the

land claimed by defendant. This he did not choose to do, but confessed, by demurrer, the truth of defendant's plea, and asks judgment for the whole land, at the same time admitting that he owns but half of it.

It is analagous to a case where two distinct parcels of land are demanded, and the defendant pleads *nul disseizin* as to one parcel and remains silent as to the other. Can there be any doubt that such plea would be good so far as it went? Or, where two notes are sued, and defendant pleads non assumpsit as to one, and declares nothing as to the other, would not judgment go on one note, as matter of course, on default, and the validity of the other be put to the jury?

The justice below might have stricken out so much of defendant's plea as was disclaimer. That part of it is no plea, no defense, whether in or out, whether true or false. It is mere explanatory surplusage. Refusal to strike it out was so far a matter of discretion as not to be exceptionable, for it did the defendant no harm.

The demurrer is general. If the plea sufficiently states any defense to a specific count or cause of action, not pretending to cover the whole declaration, it is good. If it has any vitality, surplusage does no harm. "A demurrer complains of too little, not too much." *Bean* v. *Ayers*, 67 Maine, 488. The plaintiff was bound to traverse only material facts. He need not notice immaterial ones. The issue of *nul disseizin* as to half the demanded land was tendered him, and he refused it. The plea is a good defense to that half. None is interposed as to the other half.        *Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY and FOSTER, JJ., concurred.