F. W. BROWN, JR.

*vs.*

HENRY S. WEBBER.

Waldo.    Opinion September 9, 1907.

*Real Actions.   Title.   Burden of Proof.   General Issue.   Foreclosure.*
*Redemption.   R. S., chapter 106, section 6.*

1.  In a real action, under the general issue, the burden is on the plaintiff to show the title he has alleged.   If he shows no title he cannot prevail, even though the defendant has none.   The defendant may rebut the plaintiff's proof, by showing title in himself, or in another, or merely that the plaintiff has none, and this may all be shown under the general issue.

2.   When, under a bill in equity for the redemption of a mortgage, a decree has been entered fixing the amount of the mortgage indebtedness, and the time within which the mortgagor may redeem, failing which his right to redeem is to be forever foreclosed, if the mortgagor fails to redeem within the time limited, and if there is no waiver of forfeiture, his title is lost.

On report.    Judgment for defendant.

Real action to recover a certain lot or parcel of land situate in Monroe.    Plea, the general issue with a brief statement alleging that the title was not in the plaintiff but was in one Sidney Webber.

Tried at the January term, 1906, of the Supreme Judicial Court, Waldo County.    At the conclusion of the evidence, it was agreed to report the cause to the Law Court for decision.

The case fully appears in the opinion.

*F. W. Brown, Jr.,* for plaintiff.

*W. P. Thompson,* for defendant.

SITTING:   EMERY, C. J., WHITEHOUSE, STROUT, SAVAGE, SPEAR, CORNISH, JJ.

SAVAGE, J.    This is a real action, commenced March 21, 1905, in which the plaintiff claims title under a sheriff's deed dated

December 2, 1901, of the interest of one Horace C. Webber in the demanded premises, and under a quitclaim deed of the same from Webber to himself, dated May 16, 1902.

Eliza A. Webber, wife of Horace C. Webber, owned the premises from April 14, 1880 to May 4, 1891, on which last named date she conveyed her interest to her husband. On September 26, 1883, the husband and wife joined in mortgaging the premises to Eliza Crowell, the wife also releasing her right of dower. After foreclosure proceedings, to be hereafter referred to, the mortgage, on November 12, 1894, was assigned by the administrator of Crowell to the defendant, and on March 27, 1895, by the defendant to one Nickerson, and on September 29, 1900, by Nickerson to Sidney M. Webber.

It is evident from the record that at the commencement of this action the defendant had no title nor right of possession to the premises, and claimed none. Had he seasonably pleaded non tenure, or made disclaimer, he might have defended successfully on this ground. R. S., chapter 106, section 6. But since he failed to so plead within the first two days of the return term, this defence is not now tenable. *Colburn* v. *Grover*, 44 Maine, 47 ; *Chaplin* v. *Barker*, 53 Maine, 275.

The defendant did plead the general issue, with a brief statement that the title was not in the plaintiff but was in Sidney Webber. The brief statement added nothing to the general plea. Under the general issue the burden is on the plaintiff to show the title he has alleged. *Williams College* v. *Mallett*, 16 Maine, 84; *Bussey* v. *Grant*, 20 Maine, 281 ; *Rawson* v. *Taylor*, 57 Maine, 343 ; *Rowell* v. *Mitchell*, 68 Maine, 21. And, of course, the defendant may rebut the plaintiff's proof. He may set up title in himself; show title in another, *Rowell* v. *Mitchell*, 68 Maine, 21 ; or show merely that the plaintiff has none. *Bussey* v. *Grant*, 20 Maine, 281 ; *Chaplin* v. *Barker*, 53 Maine, 275 ; *Poor* v. *Larrabee*, 58 Maine, 543 ; *Stetson* v. *Grant*, 102 Maine, 222. In case of conflicting titles, the better one prevails. *Brann* v. *Vassalboro*, 50 Maine, 64 ; *Wyman* v. *Brown*, 50 Maine, 139; *Clarke* v. *Hilton*, 75 Maine, 426. In any event, the plaintiff must show some title.

He must recover, if at all, upon the strength of his own title. *Thayer* v. *McLellan*, 23 Maine, 417 ; *Chaplin* v. *Barker*, 53 Maine, 275 ; *Coffin* v. *Freeman*, 82 Maine, 577 ; *Day* v. *Philbrook*, 89 Maine, 462. If he shows no title he cannot prevail, even though the defendant has none. *Derby* v. *Jones*, 27 Maine, 357. And all this is determinable under the general issue.

Apylying these rules to the present case, we conclude that the plaintiff cannot maintain his action, for we think it is clear that he has no title. His title depends in the first place upon the effect of the sheriff's sale and deed of December 2, 1901. If Horace C. Webber, the judgment debtor, had no title at the time of that sale, the purchaser at the sheriff's sale took nothing by the sale, and the plaintiff claiming under him has taken no title. Again if Webber at the date of his quitclaim deed to the plaintiff, May 16, 1902, had no title, the plaintiff took none by the deed from him. And this, we think, was precisely the condition of Webber's title at the date of each of these deeds.

The case shows that in 1890 a writ of entry was brought by Eliza Crowell against Horace C. Webber and his wife, Eliza A. Webber, upon the mortgage already referred to, judgment was rendered as at common law, a writ of possession was issued, and Eliza Crowell was put in possession of the premises. In 1891, Eliza A. Webber conveyed her interest in the premises to Horace C. Webber. In 1892, Horace C. Webber brought a bill in equity against the administrator of estate of Eliza Crowell to redeem the premises from the mortgage. A final decree was entered in 1894, fixing the amount of the mortgage indebtedness, and the time within which Webber might redeem, by paying the amount of the indebtedness, failing which, his right to redeem from the mortgage should be forever foreclosed. That time elapsed long before the sheriff's sale and deed, and, therefore, long before the deed from Webber to the plaintiff, and there was no redemption. Accordingly the mortgage became absolutely foreclosed, and Webber's title was lost. Nothing passed, either by the sheriff's deed, or by Webber's deed to the plaintiff. It follows that the plaintiff has no title.

It appears indeed that while the foreclosure was running, Horace C. Webber negotiated with his brother, the defendant, to buy his equity in the place, and to buy up the mortgage and other outstanding claims and thus obtain the full title; but the trade was never completed. The defendant paid the amount due under the mortgage, and took an assignment of it, but did not buy the equity of Horace C. Webber. And it does not appear that the foreclosure was in any way waived.

*Judgment for the defendant.*