DOMINICK M. SUSI *vs.* ERMINE B. DAVIS.

DOMINICK M. SUSI *vs.* E. EVERETT DAVIS.

Waldo.      Opinion, August 11, 1936.

*H. R. Coolidge*, for plaintiff.
*Locke, Campbell & Reid*, for defendants.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

STURGIS, J.   Real actions to recover possession of Lots 10 and 11 in Gardiner and Williams Gore in the Town of Burnham. The actions were entered at the October Term of the Superior Court for Waldo County, but pleadings were not filed until the second day of the following January Term. The pleas were the general issue with a brief statement denying entry on part of the demanded premises and alleging estoppel by a former verdict and judgment thereon. The cases come forward on exceptions to the admis-

sion of evidence and to the granting of the defendants' motions for directed verdicts.

As appears by the Reports of this State, this is but an added chapter to a prolonged litigation over these lands and the incidental rights of the owners. Controversy here wages as to the dividing line between the easterly and westerly tier of lots in the Gore. The plaintiff claims that the divisional line between his lots in the westerly tier and the defendants' adjoining lands which lie in the easterly tier is the "Transit Line," so called, delineated on the plan of one Hayden and on another made in 1930 by Harry Green. The defendants claim that the dividing line is farther west and in accordance with the plan made by the same Harry Green as a court surveyor and called the "Foster" or "Gore" Line. The strip of land in controversy is from twenty-five rods to thirty-eight rods in width, extends the entire length and includes about one fifth of the demanded premises. The defendants claim no right, title or interest in the remaining westerly part of the demandant's lots. The record shows that the demandant proved title at least to all of Lots 10 and 11 lying west of the "Foster" or "Gore" Line, so called, and was entitled to judgment therefor. R. S., Chap. 118, Sec. 10; *May* v. *Labbe*, 114 Me., 374, 96 A., 502; *Spencer* v. *Bouchard*, 123 Me., 15, 26, 121 A., 164. In this respect, the ruling below directing a general verdict for the defendants was error.

The defendants take nothing by their attempted disclaimers of lands west of the "Foster" or "Gore" Line, so called. If sufficient in form and substance as a disclaimer, which we do not pass upon, it was not filed until the second term of the court, to which the action was returned. The docket entries show no enlargement of the time for filing by leave of Court, without which, to be effective, disclaimers should have been filed at the first term and within two days after entry of the action. R. S., Chap. 118, Sec. 6; Rule V, Supreme Judicial and Superior Courts; *Brown* v. *Webber*, 103 Me., 60, 61, 68 A., 456; *Hazen* v. *Wright*, 85 Me., 314, 27 A., 181; *Billings* v. *Gibbs*, 55 Me., 238; *Colburn* v. *Grover*, 44 Me., 47.

The former action, upon which the defendants relied for estoppel by judgment as pleaded in their brief statements, was recently before this Court and is reported as *Susi* v. *Davis, et al.*, 133 Me.,

354, 177 A., 610. The action was trespass *de bonis asportatis*, brought in Somerset County, and the declaration reads:

"In a plea of trespass, for that the said defendants at said Burnham on the first day of February, 1932, with force and arms took and carried away one hundred and ten cords of pulp wood of the property, goods and chattels of the plaintiff of great value, to wit, of the value of eleven hundred twenty-two ($1122.00) dollars, and disposed of the same to their own use against the peace of the State."

The defendants there pleaded the general issue and filed Specifications of Defense of the following tenor:

"That the defendants did not as in plaintiff's declaration alleged with force and arms take and carry away 110 cords of pulp wood of the property, goods and chattels of the plaintiff and of the value of $1122; that defendants did not at said time and place take and carry away any property of the plaintiff of any value."

The verdict returned at the trial in the Superior Court for Somerset County at the September Term, A. D. 1934, was general and in the following form:

"The Jury find for the defendants."

So far as appears, no special verdict involving the title to land was found or returned.

The instant writs of entry, although between the parties to the former action of trespass are for entirely different and independent causes of action. Here, title to that part of the demanded premises in controversy is directly in issue. There, the land upon which the trespass was alleged to have been committed was not bounded or described, the only reference to its area and location being that the trespass occurred at Burnham. Nothing in the pleadings or the verdict in that case gives the slightest indication that title to the disputed strip here in controversy was there put in issue and passed upon by the jury.

In general, a judgment is conclusive only as to facts without proof of which the action could not have been maintained. In a real action on a plea of estoppel by a former judgment, it must appear that the issue of title was not merely submitted, but was determined. It is for this reason that it is uniformly held that a judgment in trespass *quare clausum* is not a bar to a real action. The only fact necessarily determined by such a judgment is that the plaintiff at the time had rightful possession of the particular locus where the alleged acts of trespass were committed. Although the defendant in the trespass action may have pleaded and proved title, the plaintiff may have had rightful possession. Title was not necessarily determined. *Kimball* v. *Hilton*, 92 Me., 214, 221, 42 A., 394.

In *Young* v. *Pritchard*, 75 Me., 513, this Court held:

"To raise an estoppel, it is not sufficient to show that the matter in controversy may have been determined in the former litigation between the parties or their privies. The party claiming an estoppel against his adversary must make it appear affirmatively by legal evidence that it was determined.

". . . 'It is not the recovery but the matter alleged by the party, and upon which the recovery proceeds, which creates the estoppel.' 'In every action, . . . the verdict is conclusive as to the subject matter of the suit, and any matter particularly put in issue and found by the jury.' But it is just as essential that it should appear that it was 'found by the Jury' (or other tribunal to which it was presented), and that it was 'the ground upon which the recovery proceeded,' as that it was 'matter alleged by the party,' or 'particularly put in issue.' A simple 'not guilty' of the trespass alleged settles nothing as to the location of the line between the parties when it does not appear that there was any finding upon the issue of soil and freehold, or any precise definition and description of the locus."

See *Standish* v. *Parker*, 2 Pick. (Mass.), 20, 22.

The principles stated in these cases must be applied to judgments in actions of trespass *de bonis* when pleaded in bar of a real action. The gist of the action of trespass *de bonis* is an injury to the plain-

tiff's possession. To maintain the action, it is essential only that the plaintiff at the time of the alleged trespass should have had either actual or constructive possession or a right to immediate possession of the personalty. *Lunt* v. *Brown*, 13 Me., 236; *Freeman* v. *Rankin*, 21 Me., 446; *Jones* v. *Smith*, 79 Me., 446, 10 A., 254. Title to the land from which the goods were taken is not necessarily in issue. A simple verdict of "not guilty" in such an action does not establish a finding upon the issue of soil and freehold nor determine the title to the locus.

The case reported to the Law Court in the former action of trespass d. b. a. and the opinion and mandate it handed down are not competent evidence of any fact in controversy between the parties in the pending action. No more is the brief of counsel filed in that case. As was said in *Young* v. *Pritchard*, supra, we do not "see upon what principle it can be regarded as competent evidence of any fact in controversy between the parties." In so far as the exception reserved to the admission of evidence relates to the allowance of the introduction of these exhibits, it must be sustained.

At the trial below, as the record shows, the presiding Justice stated that his instruction to the jury to return verdicts for the defendant was based solely upon the plaintiff's estoppel to litigate the question of title to the disputed area in the demanded premises by reason of the judgment in the prior trespass *de bonis asportatis* action between the same parties. His ruling on this point was clearly wrong and the exception reserved must be sustained.

> *Exceptions sustained.*
> *New trials ordered.*