Merrimack, ?
Dec., 1894. }

## BARTLETT v. LaROCHELLE.

In the construction of a deed of real estate, the deed itself and such parol or extraneous evidence as is necessary to apply its descriptions to the land to be identified is competent to show the intent of the parties.

A deed of a house-lot, bounding by monuments, conveys the land described when it appears from all competent evidence that the parties intended to bound by the known monuments, without regard to the plan of a former owner showing different lines by which the premises had been previously conveyed.

TRESPASS, *quare clausum*. Facts found by the court. The plaintiff's close adjoins the defendant's on the south, and the controversy is over the location of the division line.

In 1856, John G. Hook owned a tract of land west of High street in Concord. He divided it into lots, and made a plan of the same and of Forest and other streets, which he recorded in the registry of deeds. The plan shows the south line of Forest street as straight from Auburn (the second street west of High) to High street. The courses are not given on the plan. Later in the same year, he undertook to lay out Forest street on the ground from Auburn to High street. The general direction of High street is north and south, and of Forest street east and west. He put down white pine stakes, which long since disappeared, to mark the south line of Forest street.

In 1885, the city laid out Forest street over substantially the same ground as laid out by Hook. From Auburn street to Valley (the first street west of High and about midway between High and Auburn) the street is identical with that laid out by Hook. From Valley to High the course deflected one degree, fifty-five minutes, to the right, carrying the southwest corner of Forest and High streets twelve feet south of the corner as shown on Hook's plan, and that made by him in 1856, if the line he marked upon the ground was straight from Auburn to High street.

In 1865, Hook conveyed to Philander Thompson a tract of land at the intersection of Forest and High streets, bounded northerly on Forest street, and easterly on High street. Prior to October 3, 1871, Thompson conveyed this tract of land to Jacob B. Rand. Rand then conveyed to William Foley a lot described as follows: "Easterly by High street, seventy-one feet; northerly by Forest street, one hundred and twelve feet; westerly by land of said Rand, seventy-one feet; southerly by land of said Rand, one hundred and twelve feet." December

18, 1871, Rand conveyed to Charles H. Elliott a lot next south of the Foley lot by the following description: "Beginning at stake and stones hereafter to be placed on the westerly line of High street fifty feet southerly from the southerly bound of land on the westerly line of said High street owned by William Foley, thence northerly on the westerly line of High street, fifty feet to stake and stones; thence westerly on the southerly line of said Foley's land, about one hundred and twelve feet to stake and stones; thence southerly, parallel with the westerly line of High street, about thirty-eight feet to stake and stones hereafter to be placed; thence easterly, about one hundred and twenty-nine feet in a straight line to point begun at." This lot has come by mesne conveyances to the defendant.

January 15, 1872, Rand conveyed to Benjamin Flanders a lot adjoining the defendant's on the south by the following description: "Beginning at a stake and stones hereafter to be placed at southwest corner of land owned by Charles H. Elliott, thence easterly on southerly line of said Elliott's land, about one hundred and twenty-nine feet to the westerly line of High street; thence southerly on the westerly line of High street, fifty feet to stake and stones; thence south about sixty-eight and one half degrees west, one hundred and eleven and a half feet to stake and stones hereafter to be placed, being corner of land above described and conveyed [another lot conveyed by the same deed]; thence northerly on the easterly line of said land, thirty-two and a half feet to stake and stones hereafter to be placed; thence easterly in a straight line to the point begun at." This lot has come by mesne conveyances to the plaintiff.

When Elliott bought, there was a bound at Foley's southeast corner and another at his southwest corner, seventy-one feet from the south line of Forest street as now laid out, to which Foley and his successors in title have occupied to the present time. The court found that the disputed line was one hundred and twent-one feet south of Forest street, as laid out by the city, and that the defendant was not guilty, and the plaintiff excepted.

*Sargent & Hollis* and *Samuel G. Lane*, for the plaintiff.

*Bingham & Mitchell* and *Benjamin E. Badger*, for the defendant.

WALLACE, J.   To ascertain the line between the plaintiff's and the defendant's lots involves the construction of the deeds of Rand to Elliott in 1871 and to Flanders in 1872. The construction of deeds is the ascertainment from competent evidence of the intention of the parties. *Crawford* v. *Parsons,* 63 N. H. 438; *Johnson* v. *Conant,* 64 N. H. 109, 136. The competent evidence in ascertaining the intent of the parties to a deed is, in the

first instance, the deed itself and such parol or extraneous evidence as is necessary to apply the descriptions in the deed to the land, and every material fact that will help to identify the person or thing intended, and enable the court to put themselves as near as may be in the position of the parties to the deed. In case any latent ambiguity arises, still other extrinsic evidence is admissible in regard to the intent of the parties. *Lane* v. *Thompson*, 43 N. H. 320, 324; *Tenney* v. *Lumber Co.*, 43 N. H. 343, 350; *Bell* v. *Woodward*, 46 N. H. 315, 331; *Swain* v. *Saltmarsh*, 54 N. H. 9, 16.

The deed from Rand to Flanders, under which the plaintiff claims, simply conveys a lot fifty feet wide on High street, just south of the Elliott lot, now owned by the defendant, without referring to any bounds which were in existence on the ground at the date of the deed to aid in determining its exact location, but making the north line of this lot the same as the south line of the Elliott lot. The location of the disputed line is to be determined, if possible, from the deed of Rand to Elliott, using only such evidence as is necessary to apply the description to the land. The point of beginning is described as a "stake and stones hereafter to be placed on the westerly line of High street." At the time the deed was given, there was evidently no mark upon the ground at that corner to indicate this point. But this point is further defined as being "fifty feet southerly from the southerly bound of land on the westerly line of High street owned by William Foley." This calls for a bound on the west side of High street at the southeast corner of the Foley lot. The description, having thus defined the point of beginning, continues, "thence northerly on the westerly line of High street, fifty feet to stake and stones," again calling for a bound at the southeast corner of the Foley lot. The fact that this deed twice calls for a bound at this corner as in existence at that time, taken in connection with the fact that the same deed defines other corners of this lot by stake and stones hereafter to be placed where there were no bounds, makes it clear that the parties to this deed had in mind a bound then in existence on the earth's surface by which they intended to fix the northeast corner of the Elliott lot. It appears there was a bound at the northeast corner of this lot, which answered to the call of the deed, in existence at the time the Elliott deed was given. The description continues from this point, "thence westerly on the southerly line of said Foley's land about one hundred and twelve feet to a stake and stones," calling for a bound at the northwest corner of the lot. It also appears there was a bound at this corner at the time this deed was given which answers to the call of the deed. It does not appear there were any bounds on a line twelve feet further north, where the plaintiff claims this line should be located,

which would answer to the calls of the deed, or to which the parties could have referred. We have, then, two bounds on the earth's surface in existence when this deed was given which answer to the description of the deed, and define the northeast and northwest corners of this lot, and fix definitely its north line. They were the southeast and southwest corners of the Foley lot, and the line between them was the south line of the Foley lot as then occupied. These bounds and this line can now be determined, because Foley and his successors in title have occupied to them until the present time. The northeast and northwest corners and the north line of the Elliott lot being determined, it is easy to ascertain the other bounds and lines of the lot. As appears by the monuments called for by the deed, the parties intended that the south line of the lot should be where the defendant claims it is.

But the plaintiff says that all these lots were formerly part of a tract of land owned by John G. Hook; that he plotted this tract of land into lots and laid out streets, among which were High street on the east and Forest street on the north of these lots; that according to the plan, the south line of Forest street was twelve feet further north than it is now; that in conveying this land, he described the lots on High street as so many feet south of Forest street according to the plan; and that all these lot lines should be twelve feet further north. But in the view taken, this does not help the plaintiff. Rand, owning all this tract of land by title derived through mesne conveyances from Hook, first conveyed the Foley lot, fixing its southwest and southeast corners by monuments upon the ground; and then conveyed the Elliott lot, fixing the south line a certain number of feet south of the monuments at the south corners of the Foley lot. This determines the location of the disputed line, and it is of no consequence whether the north line of the Foley lot and the disputed line are located in accordance with the Hook plan or not. The definite monuments referred to in the Rand-Elliott deed control the location. *Coburn* v. *Coxeter*, 51 N. H. 158.

The evidence identifying the bounds referred to in the deeds and fixing their location was properly admitted. In the view taken, it is unnecessary to consider whether the other evidence was properly admitted or not.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.