Celia E. Williamson *vs.* William E. Gooch et al.

Washington.    Opinion February 10, 1908.

*Division Line.    Monuments.    Evidence.    Declarations.*

1.  When a monument which formerly marked a division line no longer exists, and its location on the face of the earth is in dispute, it is permissible to show that at one time when the monument was in existence a measurement was made from the monument to a certain point, and also to show where that certain point was, in order that by measuring back from such point the same distance the location of the monument may be ascertained.

2.  Self-serving acts and declarations of a former owner of land, when upon it, pointing out the monuments and location of his line are not admissible, unless it appears that the declarant is dead.

On exceptions by plaintiff.    Sustained.

Real action to recover certain land in East Machias.    Plea, the general issue with disclaimer as to a part of the demanded premises.

Tried at the October term, 1906, of the Supreme Judicial Court, Washington County.    Verdict for defendants.    The plaintiff excepted to certain rulings made by the presiding Justice during the trial excluding certain offered evidence.

The case appears in the opinion.

*William R. Pattangall,* for plaintiff.

*John F. Lynch,* for defendants.

Sitting :   Emery, C. J., Whitehouse, Savage, Spear, Cornish, King, JJ.

Savage, J.    Real action.    The plaintiff and defendants own adjoining tracts of land.    The plaintiff owns the northeast corner of lot 3 in East Machias, and the defendants own all of lot 2, which lies north of lot 3.    By the pleadings the controversy is narrowed down to the question where on the face of the earth is the dividing line between them.    It is admitted that that line is the division line between lots 2 and 3.    It is admitted that no

monument marked the eastern extremity of that line, or what is the same thing, the northeastern boundary of the demanded premises, at the time of the trial, or had so marked it for eight or ten years. The defendants claimed that the line had formerly been marked by a fence.

The title to both lots was formerly in William Gooch. After his death lot 2 came to the defendants, and lot 3 to James H. Gooch, the plaintiff's father, who conveyed to her the northeast corner of lot 3, described as follows : "Beginning . . . at the corner of land owned by the late Josiah T. Gooch (lot 2) and running southerly on the side of the road thirteen rods to a stake, thence north 66 degrees west $22\frac{1}{2}$ rods to a stake, thence north 18 degrees east 12 rods to the said Josiah T. Gooch's land, thence easterly by said Gooch's land 22 rods to the place of beginning." The plaintiff introduced evidence tending to show that at the time she was negotiating with her father for the conveyance of the demanded premises to her there was a fence on the division line. She offered evidence to show that at that time her father measured on the line of the road thirteen rods southerly from the fence to a point which he marked by a stake, and that a tree now marks the spot where the stake was placed. This evidence was excluded, and the plaintiff excepted.

It appears that the monument which formerly marked the division line no longer exists. If the monument was there it would be conclusive. Or if the evidence to show where the line was was undisputed and certain, that would be conclusive. But since the monument is not there, and since it is in dispute where the line was which it marked, the parties are remitted to other evidence of its location. The plaintiff claims that one way to show it is to commence at the tree where she claims her father placed a stake and measure back thirteen rods, the reverse of the measurement which she claims he made from the fence to the stake. We think she should have been permitted to show the fact of the measurement made by her father and the point where he placed the stake at the end. For if it was then thirteen rods from the fence to the stake, it must now be thirteen rods from the tree, if it stands in

the place of the stake, back to where the fence was. The evidence offered was not conclusive, but it was admissible. *Seidensparger* v. *Spear*, 17 Maine, 123. The measurement may have been faulty, the witnesses may be mistaken as to the location of the stake, or as to the point where the measurement began. But the plaintiff had a right to have these questions passed upon by the jury. If the plaintiff's claim which she offered to prove was true, it certainly tended to support her contention as to the location of the division line. The jury should have been permitted to say whether it was true or not. The plaintiff's exceptions on this point must be sustained.

The plaintiff also offered to show the declaration of her father, while the owner of lot 3, as to the location of the division line between lot 2 and lot 3. The evidence was excluded, and she excepted.

It is well settled in this State that the acts of the owner of land when upon it, pointing out the monuments and location of his line, and his declarations made in regard to them at a time when no controversy exists, are competent to be submitted to the jury after his death, as having some tendency to prove the location of the line, *Royal* v. *Chandler*, 83 Maine, 150; *Emmett* v. *Perry*, 100 Maine, 139. And this is true whether such acts and declarations be for or against interest. *Wilson* v. *Rowe*, 93 Maine, 205.

The declarations offered and excluded were, as it now appears, in the interest of the declarant, and not against it. They were self serving. They could only be admissible upon proof that the owner who made them was dead. Whatever the fact may be, the record before us is silent upon this question. For aught that appears, James H. Gooch may still be living. Hence it is not shown that the exclusion of his declarations was erroneous.

But, for the error pointed out in the earlier part of this opinion, the entry must be,

*Exceptions sustained.*