Belknap
No. 6625

RICHARD M. LEIGH & a.

v.

WILLIAM H. LAPIERRE & a.

November 30, 1973

*Snierson, Chandler & Copithorne (Mr. John P. Chandler* orally) for the plaintiffs.

*Wescott, Millham & Dyer (Mr. Harold E. Wescott* orally) for the defendants.

GRIMES, J. The issue in this case is the location of a boundary line between the land of the parties. After a trial by the court and a decree in favor of the defendants, plaintiffs' bill of exceptions was allowed by *Cann,* J.

The parties trace their titles to Frank Corser, a common owner who in October 1946 conveyed to Anderson and Larsson a parcel from which plaintiffs' land was later conveyed. Corser then conveyed the balance in December 1946 to defendants' predecessor in title. In so doing, however, he described his original tract but excepted from it the parcel conveyed to Anderson and Larsson.

The parcel conveyed to Anderson and Larsson was

described in material part as follows: "Beginning at a point on the Lake Shore Road, at the center of a culvert, . . . then running from the center line of said culvert northeasterly through the middle of the brook as the brook runs to an iron hub set in the ground, a distance of 850 feet, more or less; thence turning and running southeasterly a distance of 1000 feet, more or less, to a hub set in the ground; thence turning and running southwesterly a distance of 850 feet, more or less, to a hub set in the ground on the northerly side of said road; . . . ."

Since this deed precedes the deed to defendants' predecessors, it establishes the extent of defendants' as well as plaintiffs' title.

The dispute concerns the location of the second line in the Anderson and Larsson deed which runs from "an iron hub set in the ground . . . running southeasterly a distance of 1000 feet, more or less, to a hub set in the ground . . . ."

This is so since the conveyance from Anderson and Larsson to the plaintiffs conveys a parcel which has for its easterly and southerly boundaries land of LaPierre. Since the Corser to Anderson and Larsson deed determines the westerly boundary of the LaPierre land, it also determines the plaintiffs' easterly boundary which comprises the southerly 875 feet of the same 1000-foot boundary.

The northerly terminus of the 1000-foot easterly boundary of the Anderson-Larsson tract has been found by the court and agreed by the parties and their witnesses if not by defendants' counsel to be a drill hole in a rock in the brook, referred to as point A, some 870 to 880 feet from the culvert at the Lake Shore Road instead of 850 feet as provided by the deed. Testimony indicates that because the course of the brook may have changed and because of the difficulty in measuring "as the brook runs", this discrepancy of 20 to 30 feet is not disturbing. Although the deed described this northeasterly bound as an "iron hub set in the ground", the trial court's finding that the drill hole is the bound is supported by the evidence. The location of the bound was a question of fact for the trial court. *Rautenberg v. Munnis,* 108 N.H. 20, 22, 226 A.2d 770, 772 (1967). The southerly terminus of the 1000-foot line is undisputed. It is an iron

hub set in the ground at the westerly side of a stone wall, referred to as point B. The distance between points A and B is within five feet of being 1000 feet.

The dispute is whether the line between points A and B is a straight line or whether it follows a stone wall which runs northwesterly from point B to a point N some 265 feet westerly of point A and then turns and runs about 265 feet to the vicinity of point A. The roughly triangular parcel included within the bounds running from points A to B to N and back to A is about three acres. There are other stone walls within plaintiffs' land which have no relationship to present boundary lines.

The trial court accepted the opinion of defendants' surveyor that the stone wall running northwesterly from point B establishes the disputed boundary. It was the witness' opinion that the course from A to N was left out of the deed from Corser to Anderson and Larsson. Plaintiffs claim that the boundary is a straight line between A and B. We agree with the plaintiffs. It has long been settled that in the absence of something in the deed to cause a deviation, a boundary line between two points is presumed to be a straight line. *Marsh v. Marshall,* 19 N.H. 301 (1848); 12 Am. Jur. 2d *Boundaries* § 56 (1964).

The facts in *Marsh v. Marshall,* 19 N.H. 301 (1848), are similar to those in the case before us. There the disputed line was described as beginning at an undisputed corner thence "running the southerly side of the cart path to a stake and stones". The "cart path" ran close to the point of beginning but curved away and ran some distance northerly of a straight line between the two termini of the boundary. The court stated that "running the southerly side of the cart path" meant running southerly of it instead of northerly of it and that the boundary was a straight line between the two points. The case before us is even stronger for a straight line since the stone wall is not even mentioned as was the cart path in the Marsh case.

Defendants rely also on the fact that the stone wall from N to B runs generally southeasterly as the deed calls for while the line from A to B runs more southwesterly. However, all the courses in the deed from Corser to Anderson and

636

Larsson vary in about the same way from the true courses as found on the ground. It is well settled that bounds once established will govern over courses. *Fagen v. Grady,* 101 N.H. 18, 131 A.2d 441 (1957); *Douglass v. Company,* 76 N.H. 254, 81 A. 1086 (1911); *Bartlett v. LaRochelle,* 68 N.H. 211, 44 A. 302 (1894).

We hold that the boundary line between the land of the parties is along a straight line running between points A and B.

*Exceptions sustained.*

All concurred.